UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD SCARBROUGH,

　　　　　Plaintiff,

　　　v.

JACK N' BOX; CITY OF SACRAMENTO POLICE DEPARTMENT,

　　　　　Defendants.

No.  2:25-cv-2419 WBS AC PC

ORDER

　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.　　Application to Proceed In Forma Pauperis

　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 7.  Accordingly, the request to proceed in forma pauperis will be granted.

　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

2

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.    Complaint

Plaintiff sues Jack N' Box restaurant and the North Sacramento Police Department for civil rights violations pursuant to 42 U.S.C. § 1983 and for violation of California's Unruh Civil Rights Act. ECF No. 1 at 1-2. Plaintiff alleges that he went to the Jack N' Box drive through, and his order was incorrect. Id. at 4. When he complained that his order was incorrect, the person working at the drive through told him to move along, despite the incorrect order. Id. Plaintiff then parked his car and walked up to the drive-through window to complain. Id. At the window, the manager came and started using racist language toward plaintiff, and the encounter escalated into the manager throwing packets of ranch dressing at plaintiff. Id. Plaintiff yelled at people to call the police because he was being assaulted. Id. When the police arrived, they handcuffed plaintiff and took him to jail, despite the fact that he had ranch dressing all over his face and clothes, and a "split over my eyes." Id. The police refused to get plaintiff medical attention. Id. Plaintiff later contacted the restaurant and gave them his claim information. Id. Plaintiff has been repeatedly arrested since this incident. Id. Plaintiff alleges that he was charged with being drunk in public even though the police did not test his blood alcohol level. Id. at 5.

Plaintiff's first putative cause of action is a violation of the California Unruh Civil Rights

3

Act; the facts listed above are placed under this claim. Id. at 4. Plaintiff's second cause of action is for "§52 Actions for Damages and other Relief for Denial of Rights," which is the damages provision for the Unruh Act. Id. at 5. Plaintiff's third and final cause of action is for "Continuous unlawful detainment" in violation of his constitutional rights pursuant to § 1983. Under this cause of action, plaintiff alleges only that he has been repeatedly detained without cause by the Sacramento police. Id. at 6. He does not identify specific instances, only that his repeated arrests have been unlawful. Id. He lists as his injuries the assault and the fact that he can no longer go to Jack N' Box. Id. For all counts, plaintiff asks the court to award him free Jack N' Box for life, $25 million dollars in damages from Jack N' Box, and $10 million dollars in damages from the Sacramento Police, as well as injunctive relief in the form of additional training for Jack N' Box employees. Id. at 7.

IV.    Failure to State a Claim

The complaint cannot be served at this time for several reasons. First, plaintiff's claim for violations of his constitutional rights pursuant to 42 U.S.C. § 1983, his only federal cause of action, fails to state a claim upon which relief can be granted. ECF No. 1 at 1. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (alteration in original, emphasis in original) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

It is unclear whether the §1983 claim, which only speaks to repeated arrests, is brought against both named defendants. Regardless, even taking all of the facts alleged in the complaint together as the basis for the §1983 claim, plaintiff does not state a claim against either defendant. The first defendant in this case is a private company, Jack N' Box, and with limited exceptions not applicable here, private companies are not subject to §1983 liability. To be subject to §1983 a

4

defendant must be acting under color of state law.  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).  It is clear from the allegations that Jack N' Box was not acting under color of state law, and accordingly, plaintiff cannot succeed on a §1983 claim against it.

The other defendant in this case is the Sacramento Police Department.  ECF No. 1 at 1. City or county governments, including departments within them such as the Sacramento Police Department, cannot be held liable under section 1983 for the acts of an employee.  Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 691 (1978).  Instead, local governments "can be sued directly under [Section] 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  Id. at 690.  "In order to establish liability for governmental entities under Monell, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.'"  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011).  Here, plaintiff has not identified any such policy or custom, and accordingly he fails to state a claim against the Sacramento Police Department.

Plaintiff's §1983 claim also lacks the even the minimal clarity required by Fed. R. Civ. P. 8(a).  Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 555 (2007)).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  Here, plaintiff alleges he was repeatedly arrested over some

5

period of time, but he does not identify the circumstances of any particular arrest or provide any details whatsoever beyond the conclusory assertion that the repeated arrests were unlawful. Accordingly, his §1983 claims fail under Rule 8.

Without a viable federal claim, this case cannot proceed in federal court. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). Congress has granted federal courts original jurisdiction over two types of cases: (1) those that arise under federal law, 28 U.S.C. §§ 1331; and (2) cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019). Here, diversity jurisdiction is unavailable because both plaintiffs and at least one defendant, the Sacramento Police Department, are California citizens. Accordingly, the only possible basis for original jurisdiction is the existence of a federal claim.

Plaintiff's claims under California's Unruh Civil Rights Act may only be entertained if the court exercises its supplemental jurisdiction under 28 U.S.C. § 1367. However, in the absence of a viable federal claim the court will not hear supplemental state law claims. See 28 § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction where all claims over which it had original jurisdiction are dismissed); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994).

V.      Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,

6

268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.  The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief under federal law, and without a federal claim the court has no jurisdiction to hear this case.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims not in the first amended complaint will not be considered.**

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint is rejected for service at this time, with leave to amend.

////

4.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: February 10, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE